UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SOLOMONA RICKY PATU,

                Plaintiff,

v.

BRANDI BLAIR,

                Defendant.

Case No. C22-764 TL-TLF

REPORT AND RECOMMENDATION

This matter comes before the Court on plaintiff's motion to proceed *in forma pauperis* and proposed complaint. Dkt. 1-1. This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. Plaintiff, a state prisoner, is proceeding *pro se* in this matter. For the reasons discussed below, the Court should deny plaintiff's IFP application.

## DISCUSSION

The district court may deny leave to proceed *in forma pauperis* at the outset if the complaint on its face is frivolous or without merit. *See O'Loughlin v. Doe,* 920 F.2d 614, 616-617 (9th Cir. 1990); *Kittleson v. Washington*, 683 Fed. Appx. 639, 2017 WL 1046218 (9th Cir. 2017) (unpublished). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984).

A magistrate judge may issue an order *granting* IFP, but has no authority to issue a dispositive order *denying* in forma pauperis status, unless the parties have

REPORT AND RECOMMENDATION - 1

1 consented to having the magistrate judge decide their civil case. 28 U.S.C. § 636(c); *Tripati v. Rison,* 847 F.2d 548, 548-49 (9th Cir. 1988); *Woods v. Dahlberg,* 894 F.2d 187, 188 (6th Cir. 1990) (observing that denial of IFP status is the equivalent of an involuntary dismissal). The magistrate judge is authorized to issue an order granting IFP status; however if the proposed decision would be a denial of IFP status, then the magistrate judge would only be authorized to submit a report and recommendation. *Id.* A plaintiff is not entitled to submit an objection to the magistrate judge's report and recommendation that IFP status should be denied. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam) *as amended* (September 9, 1988). Denial of a motion to proceed IFP is an immediately appealable order. *Tripati v. Rison,* 847 F.2d at 548-549.

**Strikes Under 28 U.S.C. 1915(g)**

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, governs IFP proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (*citing Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. § 1915(b); *Cervantes*, 493 F.3d at 1051.

REPORT AND RECOMMENDATION - 2

1  "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. A dismissal -- with or without prejudice – for failure to state a claim, or for a complaint that is frivolous or malicious, will constitute a strike under this statute. *Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721, 1726-1727 (2020). The "three-strikes rule," contained in § 1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a prisoner who has filed three or more civil actions which have previously been dismissed as frivolous or for failure to state a claim. *See, Patu v. Allbert*, No. 14-cv-765-MJP; *Patu v. Alexander*, No. 15-cv-5332-RJB; *Patu v. Albert*, No. 15-cv-722-RSM; *Patu v. Bennett,* No. 15-00775 JCC. In *Patu v. Allbert*, Mr. Patu's case was dismissed on September 2, 2014 pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Dkt. 13 in Case No. 14-00765 MJP. In *Patu v. Alexander, et al.*, Mr. Patu's case was dismissed on June 29, 2015 for failure to state a claim. *See* Dkt. 14, 17 in Case No. 15-05332 RJB (Dkt. 29, appeal dismissed, and mandate issued on 6-15-2016). In *Patu v. Albert*, Mr. Patu's case was dismissed on July 17, 2015 for failure to state a claim. *See* Dkt. 11, 13, 14 in Case No. 15-00722 RSM. In *Patu v. Bennett*, Mr. Patu's case was dismissed on September 9, 2015 for failure to state a claim. *See* Dkt. 15, 16 in Case No. 15-00775 JCC.

While incarcerated, Plaintiff brought at least three actions which were dismissed as frivolous, malicious, or for failure to state a claim. Therefore, he is barred from proceeding IFP in this action unless he can show he is exempt from the three-strikes rule because he is under imminent danger. 28 U.S.C. § 1915(g).

**Imminent Danger Exception**

The three-strikes rule does not apply if "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint is filed, that the imminent danger is ongoing, and there is a nexus (fairly traceable, and redressable) between the imminent danger and at least one substantive claim in the complaint. *Ray v. Lara,* 31 F.4th 692, 699-700 (9th Cir. 2022); *Cervantes*, 493 F.3d at 1052.

The imminent danger exception requires that a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Cervantes,* at 1056 (internal citations omitted). The Ninth Circuit has held "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to interpret the imminency requirement.'" *Id.* (*quoting Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing the threat to her is real and proximate. *Cervantes*, 493 F.3d at 1056 (*citing Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

Plaintiff alleges that Department of Corrections staff is not adequately or promptly responding to grievances he has been submitting, yet he does not allege a substantive claim that would suggest any imminent physical harm or ongoing threat of such harm. Dkt. 1-1. He thus has not alleged he faces a danger which is "ready to take place" or

REPORT AND RECOMMENDATION - 4

1  "hanging threateningly over [his] head", nor has he alleged any substantive claim that is
2  fairly traceable, and redressable, with a nexus to allegations of conduct that poses
3  imminent danger.  *Ray v. Lara,* at 699-700; *Cervantes*, at 1056.
4      Plaintiff's proposed complaint alleges the way his grievances have been handled
5  violates his rights. Dkt. 1-1 at 4-6. Plaintiff contends the responses to his grievances are
6  inadequate. Dkt. 1-1 at 5. The complaint also contends that plaintiff is in imminent
7  danger of mental stress because the responses to his grievances are compromised.
8  Dkt. 1-1 at 5. The complaint does not explain how the responses to his grievance are
9  inadequate, how the responses are compromised or when any of the alleged
10 misconduct occurred. Plaintiff also fails to allege any facts explaining how the allegedly
11 deficient grievance responses have put him in imminent danger of serious physical
12 injury.
13     Plaintiff's complaint therefore does not make a plausible allegation that at the
14 time he submitted the proposed complaint, and as an ongoing pattern, he was facing
15 any imminent danger of any serious physical injury. *Ray v. Lara,* 31 F.4th 692, 699-700
16 (9th Cir. 2022); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (internal
17 citations omitted).
18                                    CONCLUSION
19     Based on the foregoing discussion, the Court should deny plaintiff's IFP
20 application.
21     A plaintiff is not entitled to submit written objections to the Magistrate Judge's
22 report and recommendation that IFP status should be denied. *Minetti v. Port of*
23 *Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998)(per curiam). Denial of a motion to
24
25

proceed IFP is an immediately appealable order. *Tripati v. Rison,* 847 F.2d 548, 548-549 (9th Cir. 1988). The Court's denial of plaintiff's motion to proceed *in forma pauperis* would not constitute a separate strike if the Court does not make a ruling on whether any claim in the complaint was frivolous, malicious, or failed to state a claim. *See, El-Shaddai v. Zamora,* 833 F.3d 1036, 1043 (9th Cir. 2016) ("Because the grounds for dismissal . . . were that [plaintiff] had incurred too many strikes, and not because the cases were themselves frivolous, malicious, or failed to state a claim, they do not count as separate strikes against [plaintiff]").

The Court should direct plaintiff to pay the Court filing fee within 21 days of adoption of this order if he wishes to proceed with this action. If plaintiff fails to pay the Court filing fee, the Clerk of the Court should be directed to close the case. Plaintiff should be aware that if he pays the filing fee, and if the case is later dismissed by the Court (with or without prejudice) for failure to state a claim, or because it is frivolous or malicious, then the dismissal would be counted as a strike under the PLRA. *Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721, 1726-1727 (2020).

Dated this 26th day of August, 2022.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6